**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MARVELLE PRYOR**                                                            **PETITIONER**

**V.**                                                                                 **NO. 4:16-CV-97-DMB-JMV**

**WARDEN TIMOTHY OUTLAW, et al.**                                **RESPONDENTS**

**ORDER**

This petition for a writ of habeas corpus is before the Court on the Report and Recommendation of United States Magistrate Judge Jane M. Virden. Doc. #23.

**I**
**Procedural History**

On or about May 13, 2016, Marvelle Pryor filed a petition for a writ of habeas corpus challenging his January 2012 conviction for being a felon in possession of a firearm and subsequent sentence under Mississippi's habitual offender statute. Doc. #1. Pryor's petition asserts five grounds for relief: (1) his sentence was grossly disproportionate (Ground One); (2) he was denied due process rights, his right to effective assistance of counsel, and his "right to have the state carry its burden" when his counsel stipulated to the fact that he had previously been convicted of a felony (Ground Two); (3) he was denied effective assistance of counsel because neither his trial counsel nor appellate counsel presented exculpatory evidence from a "crime laboratory expert" (Ground Three); (4) his sentence as a habitual offender was based on inaccurate facts (Ground Four (A)) and his counsel's failure to object violated his right to effective assistance of counsel (Ground Four (B)); and (5) he was denied effective assistance of counsel when his trial counsel failed to object to perjured testimony, and when his appellate counsel failed to raise the perjured testimony issue on appeal (Ground Five). *Id*. at 4–7.

The respondents, at the direction of United States Magistrate Judge Jane M. Virden, responded to the petition on September 12, 2016. Doc. #11. Pryor filed his traverse on or about December 19, 2016.[1] Doc. #16.

On April 9, 2018, Judge Virden issued a Report and Recommendation ("R&R") recommending that Pryor's petition for a writ of habeas corpus be denied. Doc. #23. Judge Virden found that all grounds of the petition had been raised and considered in state court and, therefore, may not justify habeas relief unless the adjudication of the grounds resulted in a decision that was contrary to clearly established law, or resulted in a decision based on an unreasonable determination of the facts. Doc. #23 at 4–5. The R&R ultimately found Pryor's petition failed to satisfy this standard. *Id*. at 24.

On or about May 18, 2018, Pryor filed objections to the R&R, Doc. #27, and a memorandum of law supporting his objections, Doc. #28. On May 30, 2019, the respondents filed a "Notice" stating that they "do not intend to file any formal response to the … objections." Doc. #30.

## II
## Standard

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v.*

---

[1] On September 26, 2016, Pryor, citing his reliance on the prison legal assistance staff, filed a motion to extend the deadline to file his traverse. Doc. #14. After Pryor filed his traverse, Judge Virden denied the motion for extension as moot. Doc. #21. Because Pryor's motion sought an extension of the deadline to file his traverse, and because his traverse was filed outside the deadline for doing so, Pryor's motion was not moot. Accordingly, the order denying the motion as moot is set aside. Furthermore, to the extent Pryor stated adequate grounds for the requested extension, his motion is granted and his traverse is deemed timely filed.

*Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

Although less than clear, it appears Pryor objects to Judge Virden's recommendation as to each ground asserted in the petition.

### A. Ground One—Disproportionate Sentence

The Eighth Amendment's protection against cruel and unusual punishment prohibits sentences "grossly disproportionate" to an offense. *United States v. Neba*, 901 F.3d 260, 264 (5th Cir. 2018). A court considering a challenge based on proportionality must undertake a two-part test. *Id*. First, the court must "compare the gravity of the crime against the severity of the sentence." *Id*. "[I]f the sentence seems grossly disproportionate," the court must "compare the sentence to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *Id*. (quotation marks omitted).

In the R&R, Judge Virden, noting that "all Mississippi defendants convicted as violent habitual offenders receive the same sentence," rejected Pryor's proportionality challenge because convictions under recidivist statutes are ordinarily not grossly disproportionate and "the gravity of Mr. Pryor's earlier offenses defeats his claim of gross disproportionality." Doc. #23 at 11, 14. Pryor objects to this conclusion on the ground that the state failed to adequately prove the offenses necessary for the habitual offender conviction. *See* Doc. #28 at 1–2.

Mississippi's habitual offender statute provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment,

and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code Ann. § 99-19-83.

In his objection, Pryor contends that in finding the habitual offender statute applicable, the R&R improperly relied on the testimony of a custodian of records for the state, who testified that: (1) Pryor was convicted for the crime of possession of cocaine, for which he was imprisoned on June 13, 2005, for two years and 43 days, with a sentence "discharge" date of March 19, 2009; and (2) Pryor was convicted for the crime of robbery, for which he was imprisoned on October 17, 2008, for two years and 64 days, with a sentence discharge date of March 22, 2011. Doc. #27 at 2–3. Pryor contends that based on the overlapping sentence discharge dates, which Judge Virden attributed to parole,[2] it cannot be shown that he served "separate" sentences as required by the statutes. Doc. #27 at 3. However, Pryor's argument overlooks the clear text of the habitual offender statute, which defines concurrent sentences as "separate." Thus, the fact that Pryor was serving two sentences at the same time does not undermine the R&R's finding. The objection, therefore, is overruled.

### B. Ground Two—Ineffective Assistance Based on Stipulation to Felony Offenses

The right to counsel guaranteed by the Sixth Amendment includes "the right to the effective assistance of counsel." *Garza v. Idaho*, 139 S. Ct. 738, 743 (2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). A defendant claiming ineffective assistance of counsel must prove (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "any such deficiency was prejudicial to the defense." *Id*. (quotation marks omitted).

---

[2] *See* Doc. #23 at 8 n.3. Based on certified records submitted to the state court, this appears accurate. Pryor was released on parole from his cocaine possession sentence on December 12, 2007. *See* Doc. #12-5 at PageID #483.

In Ground Two, Pryor contends his trial counsel provided ineffective assistance by stipulating to the fact that he had previously been convicted for robbery and cocaine possession. Doc. #1 at 5. The R&R recommends rejection of this claim because the "prosecution would have proved [the] fact [of the convictions], even in the absence of the stipulation," and "[c]ounsel merely spared … Pryor the prejudice the jury would almost certainly have held against him had specifics of his earlier convictions come to light." Doc. #23 at 16.

In his objections, Pryor argues only that his "[c]ounsel was indeed ineffective for stipulating" to the convictions because it "opened the door for Pryor to be prejudiced because Pryor was not convicted as a habitual offender for any crime except felon in possession of firearm …." Doc. #27 at 5-6. The nature of this objection is difficult to parse. But, because it seems to rely on the argument rejected above that the evidence was insufficient to justify the habitual offender enhancement, this objection is overruled for the same reasons above.

**C. Ground Three—Ineffective Assistance Based on Failure to Call Laboratory Expert**

During Pryor's trial, his counsel attempted to question a police officer regarding the results of a fingerprint analysis done on the firearm which formed the basis for the felon-in-possession charge. The prosecution objected to the line of questioning on the ground of hearsay, and the objection was sustained. In Ground Three of his petition, Pryor contends that his trial counsel was ineffective by failing to present evidence related to the fingerprint analysis and that his appellate counsel was ineffective for failing to raise the issue on appeal. Doc. #1 at 5–6.

In the R&R, Judge Virden found no ineffective representation because "it appears that the report would have been neither inculpatory nor exculpatory"[3] and "[t]rial counsel used a rational strategy to raise doubt in the minds of the jurors about the absence of fingerprint proof." Doc. #23

---

[3] Doc. #23 at 18.

at 18–19.  Pryor contends in his objections that an expert "might have given testimony that Pryor's prints were not on the gun" and that the failure to call an expert could not have been a tactical decision by his counsel unless counsel "first investigated the case to find out where the gun presented at trial … came from."  Doc. #28 at 7–8.

For ineffective assistance claims based on a failure to call a witness, a petition must (1) name the witness; (2) demonstrate that the witness was available to testify and would have done so; (3) set out the content of the proposed testimony; and (4) show that the testimony would have been favorable to a particular defense.  *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).  Conclusory arguments are insufficient to meet this standard.  *Id*. at 809 n. 17.  Beyond conclusory assertions of what an unnamed expert "might" have testified to, neither Pryor's petition nor his objections show how or why any crime laboratory expert would have offered testimony favorable to his defense.  Accordingly, his objections are overruled.

### D.  Grounds Four (A) and (B)—Inaccurate Records

Grounds Four (A) and Four (B) of Pryor's petition both rely on the same underlying assumption—that the conviction records presented by the state at sentencing were somehow inaccurate.  *See* Doc. #1 at 6–7.  Judge Virden rejected both grounds because the state introduced certified admissible records and Pryor "presented no evidence in support of his allegation that these certified records are inaccurate."  Doc. #23 at 20.  Pryor's objections assert the same general allegations regarding inaccurate dates.  *See* Doc. #27.

As explained above, the discrepancy between the time Pryor served and the discharge dates of his sentences can be explained by parole release.  Even if the dates were somehow inaccurate, Pryor has not shown how the inaccuracies would have undermined the R&R's conclusion.  Accordingly, the objections are overruled.

### E. Ground Five—Ineffective Assistance Based on Perjured Testimony

Finally, Pryor contends that his trial counsel was ineffective by failing to object to allegedly perjured testimony from the records custodian and that his appellate counsel was ineffective for not raising such ground on appeal. *See* Doc. #1 at 7. Specifically, Pryor argues that the custodian testified she took pictures of the inmates when she did not. *Id.*

The R&R recommends rejecting this ground because the custodian never testified that she personally took pictures of inmates. Doc. #23 at 23. In his objections, Pryor merely repeats that the custodian offered perjured testimony and argues without support that the custodian was not in fact a custodian. These conclusory arguments are overruled.

### F. Remaining Objections

Pryor's remaining objections relate to an argument not specifically raised in his original petition—that the proof at trial did not support a conviction for being a felon in possession of a firearm. *See* Docs. #27, 28. Pryor relies on three primary arguments: (1) the testimony of the arresting officers was inconsistent; (2) the government did not present evidence of ballistic testing or fingerprinting; and (3) there was no evidence of chain of custody of the firearm. *Id.* These arguments are waived.[4] *See Stromberg v. Varano*, No. 09-401, 2012 WL 2849266, at *2 n.14 &

---

[4] Even if the arguments were not waived, they would fail. In determining a challenge to the sufficiency of the evidence, a court must "review all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Pawlak*, __ F.3d __, No. 17-11339, 2019 WL 3822142, at *7 (5th Cir. Aug. 15, 2019). Section 97-37-5 of the Mississippi Code, the statute under which Pryor was convicted, has two elements: (1) a felony conviction; and (2) possession of "any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm …."

As Judge Virden explained in the R&R, the state presented evidence at trial from three officers involved in the apprehension of Pryor. Officer Scott Caulder testified he was chasing Pryor on foot when he heard "a loud thud" and then discovered a pistol in the area where he heard the sound; Officer Steve Rosamund testified he was "100% sure" he saw Pryor with a pistol in his hand; and Officer Jeff Wilson saw Pryor "grabbing something from his waistband" while running. Doc.# 23 at 7. Additionally, Pryor's status as a felon was stipulated at trial and the state presented unchallenged testimony on the chain of custody of the firearm. *See* Doc. #12-2 at 27–29. Under these circumstances, Pryor's challenge to the sufficiency of the evidence would not support habeas relief.

accompanying text (E.D. Pa. July 11, 2012) (collecting cases holding objection to argument not raised in petition waived).

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

The August 15, 2017, order denying Pryor's motion for extension [21] is **SET ASIDE** and Pryor's motion for extension [14] is **GRANTED**. Pryor's objections [27][28] are **OVERRULED** and the Report and Recommendation [23] is **ADOPTED** as the order of the Court. Pryor's petition for a writ of habeas corpus [1] is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 4th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

8